UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALL SEASONS SERVICES, INC., | ) | **05 - 11498 RCL** |
| Plaintiff, | ) | RECEIPT # 65620 |
| v. | ) | AMOUNT $ 250.00 |
| | ) Case No. | SUMMONS ISSUED N/A |
| DARRIN SMITH, | ) | LOCAL RULE 4.1 — |
| | ) | WAIVER FORM — |
| Defendant. | ) | MCF ISSUED — |
| | | BY DPTY. CLK. M.P. |
| MAGISTRATE JUDGE JGD | | DATE 7/15/2005 |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Darrin Smith ("Smith"), by his attorneys, Bond, Schoeneck & King, PLLC, hereby provides notice that he is removing this action for all further proceedings to the United States District Court for the District of Massachusetts, from the Superior Court of Massachusetts, Norfolk County. In support of removal, defendant states as follows:

1. An action was filed on or about May 25, 2005, and is pending in the Superior Court of Massachusetts, Norfolk County, entitled *All Seasons Service, Inc. v. Darrin Smith*, Civil Action No. 05-00849 (hereafter referred to as the "State Action"). A copy of all process, pleadings, and orders served upon defendant in the State Action are attached hereto as *Exhibit A*.

2. Defendant was served with process on June 15, 2005. No other process, pleadings, or orders have been served on defendant other than those included in *Exhibit A*.

3. Pursuant to *28 U.S.C. § 1441(b)*, the State Action can properly be removed to this Court. There is complete diversity of citizenship between plaintiff and the defendant, and the amount in controversy exceeds $75,000, so this Court has original jurisdiction under *28 U.S.C. § 1332*.

4.      Plaintiff and defendants are citizens of different states. Under *28 U.S.C. § 1332(c)*, for the purposes for determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principle place of business:

>   (a)     Plaintiff is a **Delaware** corporation with its principle place of business in **Massachusetts** *(Exhibit A - Complaint at ¶ 1)*; and

>   (b)     Defendant is a resident of **New York** *(Exhibit A - Complaint at ¶ 2)*;

5.      Pursuant to *28 U.S.C. § 1446(b)*, this *Notice of Removal* has been filed within thirty (30) days of the receipt of service of process and the State Action has been pending for less than one year.

6.      Plaintiff's Complaint asserts two separate causes of action and each Count of the Complaint seeks compensatory damages arising out of defendant's alleged breach of a non-competition agreement. *(Exhibit A -- Complaint at ¶¶ 16-22)*. The *Complaint* pleads an indeterminate amount of damages. Accordingly, defense counsel inquired whether plaintiff would enter into a binding stipulation that any recoverable damages in the case will be limited to less than $75,000. *(Exhibit B: 7/1/05 Correspondence to Plaintiff's Counsel)*. There was no response and, therefore, Defendant reasonably believes that the amount in controversy exceeds $75,000. *28 U.S.C. 1332(a)*.

7.      The United States District Court for the District of Massachusetts is the federal jurisdiction that embraces the place where the State Action is pending. *28 U.S.C. § 1446(a)*.

Respectfully Submitted,

_____
Robert Joy (BBO# 254820)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
Tel.   (617) 523-6666
Fax.   (617) 367-3125

Dated: July 14, 2005.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK. ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-00849

...... All Seasons Services, Inc ....., Plaintiff(s)

v.

...... Darrin Smith ......, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Josiah M. Black, plaintiff's attorney, whose address is 535 Boylston St, Boston, MA 02116 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, ~~BARBARA J. ROUSE, Esquire~~ ~~SUZANNE V. DELVECCHIO, Esquire~~, at Norfolk the 25th day of May, in the year of our Lord two thousand and five.

_____, Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-32

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......6-15........, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

................................................Personal................................................

................................................................................................

................................................................................................

Dated: , 20 ................................................

N. B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

6-15 , 20 05

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO.

All Seasons Services, Inc. Plaintiff
v.
Darrin Smith, Defendant

SUMMONS
(Mass. R. Civ. P.4)

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, s.s.                                 SUPERIOR COURT

ALL SEASONS SERVICES, INC., )
    Plaintiff, )
                                            )     Civil Action No. _____
v. )
                                            )
DARRIN SMITH, )
    Defendant. )

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### Introduction

1.     By this Complaint, Plaintiff, All Seasons Services Inc. ("ASSI" or the "Company") seeks damages and other relief against Defendant Darrin Smith ("Smith"), its former employee, for Smith's violation of the six-month, one hundred-mile non-competition covenant in his Non-Disclosure and Non-Competition Agreement with ASSI, dated February 10, 2000 (hereafter, the "Non-Disclosure and Non-Competition Agreement"; a true and accurate copy is attached as Exhibit A).

As fully set forth below, Smith recently resigned from his employment as a Territory Manager with ASSI, and shortly thereafter commenced employment with American Food & Vending Corp. ("American"), which is a direct competitor with ASSI in the food vending industry. Smith, by the admission of his new employer American, is servicing routes that are directly adjacent and contiguous to the sales routes that he supported in New York during his employment as an ASSI Branch Manager, Depot Manager, and Territory Manager. By his conduct, Smith has flagrantly violated the six-month non-competition covenant in the Non-Disclosure and Non-Competition Agreement and has rebuffed ASSI's repeated attempts to secure his voluntary compliance without resorting to litigation.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff ASSI is a corporation organized under the laws of Delaware and registered to do business in the Commonwealth of Massachusetts. ASSI has a principal place of business at 5 Campanelli Circle, Suite 200, Canton, MA 02021.

3.  Defendant Darrin Smith is an individual residing at in North Bay, New York, with a mailing address of P.O. Box 91, North Bay, NY 13123. During his employment as a Branch/Depot/Territory Manager, he had frequent contacts with the Commonwealth of Massachusetts and Norfolk County, including entering into the Non-Disclosure and Non-Competition Agreement with the Company, which was drafted and counter-signed by the Company in Massachusetts. In addition, Smith interacted with ASSI's management team, which was until recently based in Brockton, Massachusetts.

4.  This Court has jurisdiction over this matter and has personal jurisdiction over the Defendant, as Smith explicitly assented to the personal jurisdiction of the Massachusetts Courts in the Non-Disclosure and Non-Competition Agreement, which provides that it "shall be governed by and construed in accordance with the law of the Commonwealth of Massachusetts" and that "Any action, suit or other legal proceeding which is commenced to resolve any matter arising under or relating to any provision of this Agreement shall be commenced only in a court of the Commonwealth of Massachusetts...." Exhibit A, ¶ 11.

5.  Venue in this Court is proper because ASSI has its principal place of business in Canton, Norfolk County, Massachusetts.

## FACTUAL BACKGROUND

6. Mr. Smith commenced employment with ASSI as a route driver in 1989. In subsequent years, he was promoted to route jumper and then office coffee service manager. In 1996, he was promoted to Depot Manager in Watertown, NY.

7. For the past several years, Mr. Smith worked as a Branch/Depot Manager, in which capacity he was responsible for overseeing ASSI's Potsdam, Watertown, Camden, and Albany Depots as the Territory Manager, which included directing and supervising a number of route salesmen and interacting with key ASSI clients to resolve problems and ensure customer satisfaction as well as frequent trips to meet with ASSI management at the ASSI District office in Canastota, New York.

### Good Will and Confidential Information

8. Mr. Smith had extensive contact with ASSI's customers, and he was given access to ASSI's confidential information, including pricing, detailed information on its customers and its marketing efforts and plans (hereafter, the "Confidential Information").

9. To protect its Confidential Information, its competitive edge and its investment in the creation of its goodwill with customers, ASSI takes measures to safeguard its Confidential Information and proprietary documents. More specifically, it requires certain of its employees, as part of their offer of employment, to review and sign an employment agreement containing covenants of confidentiality, non-disclosure, non-solicitation, and non-competition. In addition to the foregoing, ASSI takes other steps to protect its Confidential Information and customer goodwill, including: (i) restricting access to confidential information; and (ii) protecting with passwords and restricting access to the Company's computer network.

3

### Smith's Non-Disclosure and Non-Competition Agreement

10. In exchange for a grant of ASSI stock options and other consideration, Mr. Smith executed a Non-Disclosure and Non-Competition Agreement ("NDA") with ASSI, dated February 10, 2000. (Exhibit A) The Non-Disclosure and Non-Competition Agreement contains various obligations, including covenants of confidentiality, non-disclosure, and non-competition.

11. Specifically, Mr. Smith agreed as follows:

> During the period of my employment by the Company and for a period of six (6) months after any termination of my employment with the Company for any reason, I will not, directly or indirectly, alone or as an employee, partner, officer, director, consultant, agent, independent contractor or stockholder of any company or business organization which is located within 100 miles of any place of business of the Company, engage or participate in any business or activity which is directly or indirectly in competition with the products or services being marketed or sold by the Company, provided, however, that the record or beneficial ownership by me of 3% or less of the outstanding publicly traded capital stock of any such company shall not be deemed to be in violation of this Section 1.

(NDA Exh. A, ¶ 1). The Non-Disclosure and Non-Competition Agreement also contains a covenant not to solicit ASSI customers or employees for a period of *one year* following the termination of employment, and it contains a confidentiality and non-disclosure covenant. Id., ¶¶ 2-4.

### Smith Resigns

12. On March 13 2005, Mr. Smith announced by e-mail to Tom Mitchell, Jeff Curtis, Sandy Niles, Bob Holdrege, and Mark Bruno that he was resigning from his employment with ASSI, effective March 25, 2005. On March 14, 2005, Mr. Smith told his supervisor that after the two week notice period he planned to commence immediate employment with ASSI's direct competitor American. He was advised at that time that ASSI would consider employment with American to be a breach of the non-competition covenant in the Employment Agreement, and

4

based on Mr. Smith's intent to work for a competitor, ASSI management decided to terminate Mr. Smith's employment effective March 14, 2005.

**Smith Breaches His Covenants**

13. Upon information and belief, Mr. Smith commenced employment with American immediately following his departure from ASSI.

14. ASSI made various attempts to dissuade Smith from violating his covenants to ASSI, including by having its undersigned counsel send letters to both Smith and American advising them of its position and requesting various written assurances in the hopes of avoiding litigation.

15. In response, neither Smith nor American agreed to limit Smith's employment in any regard. To the contrary, American informed ASSI that it intended to continue employing Smith in a capacity where he would be supporting sales routes in New York that are immediately adjacent to the very sales routes that Smith supported during his employment as an ASSI Branch Manager. Mr. Smith did not respond at all to any of ASSI's communications on this matter. Moreover, on information and belief, Smith has made statements that he fully intends to "go after" ASSI's customers after six months of employment, even though his NDA prohibits solicitation of customers for a one-year period.

## COUNT I - BREACH OF CONTRACT

16. ASSI repeats and incorporates by reference the allegations contained in Paragraphs 1 - 16 of this Complaint.

17. ASSI has performed all of its obligations to Smith in connection with the Non-Disclosure and Non-Competition Agreement.

5

18. By engaging in the conduct described above, including, without limitation, commencing employment with an ASSI competitor within six months of his resignation from ASSI and within 100 miles of the branch location at which he worked during his ASSI employment, Smith has breached his contractual obligations under the Non-Disclosure and Non-Competition Agreement.

19. As a result of Smith's breach, ASSI has and continues to suffer damages.

## COUNT II
### (Misappropriation of ASSI's Confidential Information and Trade Secrets)

20. ASSI repeats and re-alleges the allegations in paragraphs 1 through 19 of this Complaint.

21. By engaging in the conduct described above, including by relying on his knowledge of the identity, preferences and revenue history of ASSI's customers, Smith has violated his common law obligations owed to ASSI.

22. Smith conduct is willful, intentional, non-privileged, oppressive, fraudulent and malicious, and has caused and is causing monetary damages to ASSI.

## PRAYER FOR RELIEF

WHEREFORE, ASSI respectfully requests that this Court:

(1) Award ASSI compensatory damages;

(2) Issue an injunction prohibiting Smith from:

    (a) Working for American or any other competitor for a period of six months following the entry of the Order;

    (b) Engaging, directly or indirectly, in the provision or sale of any food vending products or services for a period of six months following the entry of the Order;

      (c) Contacting or communicating with any ASSI customer for a period of one year following the entry of the Order;

      (d) For a period of one year following the entry of the Order, soliciting any ASSI employee or seeking to induce such an employee to terminate his or her relationship with ASSI; and

      (e) Using or disclosing to anyone ASSI's confidential information, including but not limited to the identity, preferences, and revenue history of its customers.

(3)    Order such other relief as is fair and just.

                            Respectfully submitted,

                            ALL SEASONS SERVICES, INC.,

                            By its attorneys,

                            */s/ JM Black*
                            Kenneth M. Bello, BBO# 036630
                            Josiah M. Black, # 632690
                            Bello Black & Welsh LLP
                            535 Boylston Street, Suite 1102
                            Boston, Massachusetts 02116
                            (617) 247-4100

DATED: May 15, 2005

BB Doc 03009845



# BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

*Via Facsimile & US Mail*

July 1, 2005

Josiah M. Black, Esq.
Bello Black & Welsh, LLP
535 Boylston Street – Suite 1102
Boston, MA 02116
Tel. (617) 247-4100
Fax. (617) 247-4125

Re:   *All Seasons Services, Inc. v. Smith,* Case No. 05-00849

Dear Mr. Black:

This letter confirms that we have agreed to an extension of time for defendant to answer or otherwise plead until some time after plaintiff decides whether to enter into a binding stipulation that any recoverable damages in the case will be limited to less than $75,000. Of course, please call me with any questions or comments.

Sincerely,

Patrick V. Melfi

Cc:  B. Joy

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

TX/RX NO                 1471
CONNECTION TEL           000000#916172474125#
SUBADDRESS
CONNECTION ID
ST. TIME                 07/01 16:06
USAGE T                  01'05
PGS. SENT
RESULT                   OK

PVM



# BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

### FAX COVER SHEET

| | | | |
|---|---|---|---|
| **NAME:** | Josiah M. Black, Esq. | **FAX:** | 617-247-4125 |
| **FIRM:** | Bello Black & Welsh, LLP | **PHONE:** | 617-247-4100 |
| | | **MATTER:** | 000000-2152 |
| **FROM:** | Patrick V. Melfi, Esq. | **DATE:** | July 1, 2005 |
| **DIRECT PHONE:** | 315-218-8632 | | |
| **TOTAL:** | [Number of pages including cover sheet]: 2 | | |

**COMMENTS:**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALL SEASONS SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. |
| DARRIN SMITH, | ) ) |
| Defendant. | ) ) **05 - 11498 RCL** |

### NOTICE TO COUNSEL
### OF REMOVAL OF ACTION TO FEDERAL COURT

TO:  Josiah M. Black, Esq.
     Bello Black & Welsh, LLP
     535 Boylston Street – Suite 1102
     Boston, MA 02116

PLEASE TAKE NOTICE that Defendant Darrin Smith ("Defendant") has on the 14th day of July 2005 filed in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, its Notice of Removal of the above-styled action from the Superior Court Department of the Commonwealth of Massachusetts, Norfolk County (a copy of said Notice is attached hereto as *Exhibit A*) to the United States District Court for the Commonwealth of Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court of the Commonwealth of Massachusetts, Norfolk County.

You are advised that said Defendant, upon filing said Notice, filed a Notice of Removal to the Federal Court with the Clerk, Superior Court of the Commonwealth of Massachusetts, Norfolk County. Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and no further proceedings may be had in this state court action.

Respectfully Submitted,

Robert Joy (BBO# 254820)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
Tel.   (617) 523-6666
Fax.   (617) 367-3125

Dated: July /_/, 2005.

2

1087757.1 7/13/2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __All Seasons Services, Inc. v. Darrin Smith__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **05-11498 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert P. Joy__
ADDRESS __Morgan, Brown & Joy LLP, 200 State Street, Boston, MA 02109__
TELEPHONE NO. __(617) 523-6666__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
All Seasons Services, Inc.

(b) County of Residence of First Listed Plaintiff: Norfolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number): Josiah M. Black
Bello, Black & Welsh LLP, Suite 1102
535 Boylston Street, Boston, MA 02116
(617) 247-4100

## DEFENDANTS
Darrin Smith

County of Residence of First Listed Defendant: New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): Robert P. Joy (617) 523-6666
Morgan, Brown & Joy LLP
200 State Street, 11th Floor
Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05-11498 RCL

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Allegation of violation of non-compete and non-disclosure agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/14/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____