UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALL SEASONS SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DARRIN SMITH, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-11498 RCL <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Darrin Smith, by and through his undersigned attorneys, hereby answers the Complaint as follows:

### Introduction

1. Defendant admits the signature on Exhibit A to the Complaint is his; Defendant admits he resigned his employment as a supervisor with plaintiff on or about March 15, 2005; and Defendant admits American Food & Vending competes with plaintiff in the vending and food service industry. Defendant denies the remaining allegations contained in ¶ 1 of the Complaint.

### Parties, Jurisdiction and Venue

2. Defendant admits the allegations contained in ¶ 2 of the Complaint.

3. Defendant admits that he resides in North Bay, New York, and has a mailing address of P.O. Box 91, North Bay, NY 13123. Defendant denies the remaining allegations contained in ¶ 3 of the Complaint.

4. Defendant denies the allegations contained in ¶ 4 of the Complaint and specifically states that the choice of law and venue provisions cited from Exhibit A are unenforceable.

5. Defendant denies the allegations contained in ¶ 5 of the Complaint.

## FACTUAL BACKGROUND

6. Defendant admits he began employment with plaintiff in or about 1989 and that he held the positions route jumper and office service manager at various points during that employment. Defendant denies the remaining allegations contained in ¶ 6 of the Complaint.

7. Defendant admits that, at various times during his employment, he had responsibility for supervising route drivers in or near Potsdam, Watertown, Camden and Albany. Defendant specifically states that his last position with plaintiff was as a supervisor in Watertown. Defendant denies the remaining allegations contained in ¶ 7 of the Complaint.

### Good Will and Confidential Information

8. Defendant admits he had customer contacts and that he had knowledge of the prices plaintiff charged its customers for vending merchandise. Defendant denies the remaining allegations contained in ¶ 8 of the Complaint.

9. Defendant denies the allegations contained in ¶ 9 of the Complaint.

### Smith's Non-Disclosure and Non-Competition Agreement

10. Defendant admits the signature on Exhibit A to the Complaint is his but specifically denies that Exhibit A contains any enforceable covenant with respect to or precluding his present employment with American. Defendant further denies that the alleged "grant of ASSI stock options" constituted adequate consideration. Defendant denies the remaining allegations contained in ¶ 10 of the Complaint.

1092518.1 7/20/2005

11. Defendant admits the signature on Exhibit A to the Complaint is his but denies that Exhibit A contains any enforceable covenant with respect to or which precludes his present employment with American.

### Smith Resigns

12. Defendant admits that, on or about March 13, 2005, he announced his resignation by e-mail to Tom Mitchell, Jeff Curtis, Sandy Niles, Bob Holdrege, and Mark Bruno, effective March 25, 2005. Defendant further admits that, on or about March 14, 2005, he told his supervisor that after the two week notice period he planned to commence immediate employment with American. Defendant denies the remaining allegations contained in ¶ 12 of the Complaint.

### Smith Breaches His Covenants

13. Defendant admits the allegations contained in ¶ 13 of the Complaint.

14. Defendant admits it received correspondence from plaintiff's counsel objecting to his present employment with American. Defendant denies the remaining allegations contained in ¶ 14 of the Complaint.

15. Defendant denies the allegations contained in ¶ 15 of the Complaint.

### COUNT I – BREACH OF CONTRACT

16. Defendant repeats and incorporates his responses to ¶¶ 1-15, supra.

17. Defendant denies the allegations contained in ¶ 17 of the Complaint.

18. Defendant denies the allegations contained in ¶ 18 of the Complaint.

19. Defendant denies the allegations contained in ¶ 19 of the Complaint.

### COUNT II
### (Misappropriation of ASSI's Confidential Information and Trade Secrets)

20. Defendant repeats and incorporates his responses to ¶¶ 1-19, supra.

1092518.1 7/20/2005

21. Defendant denies the allegations contained in ¶ 21 of the Complaint.

22. Defendant denies the allegations contained in ¶ 22 of the Complaint.

### Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

The agreement referenced in the Complaint is overbroad geographically and temporally and, thus, unreasonable as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's requests for relief are barred by the doctrines of waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or, alternatively, has fully mitigated any damages.

### FOURTH AFFIRMATIVE DEFENSE

The agreement referenced in the Complaint are unenforceable as a matter of law because plaintiff constructively discharged defendant from his employment.

### FIFTH AFFIRMATIVE DEFENSE

The information plaintiff seeks trade secret protection for is readily ascertainable from sources generally available in the industry.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legitimate protectible interest in the information it seeks to protect.

### SEVENTH AFFIRMATIVE DEFENSE

The services defendant performed were not unique and extraordinary and were readily replaceable.

1092518.1 7/20/2005

**EIGHTH AFFIRMATIVE DEFENSE**

The agreement referenced in the Complaint is not supported by adequate consideration.

**NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend this answer to modify his responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1. Plaintiff's complaint be dismissed;

2. Defendant be awarded costs and fees; and

3. Defendant be granted such other and further relief as the Court deems appropriate.

Respectfully Submitted,

DARRIN SMITH,
By his attorneys,

_____
Robert Joy (BBO# 254820)
Tracy Thomas Boland (BBO# 638878)
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Dated: July 21, 2005.

**CERTIFICATE OF SERVICE**

I, Tracy Thomas Boland, hereby certify that I have caused a copy of Defendant's Answer and Affirmative Defenses to be served upon Plaintiff's attorney, Josiah M. Black, Bello Black & Welsh LLP, 535 Boylston Street, Suite 1102, Boston, MA 02116, by first-class mail on this 21 day of July 2005.

_____
Tracy Thomas Boland