# Commonwealth of Massachusetts
## County of Norfolk
## The Superior Court

CIVIL DOCKET#: **NOCV2005-00849-D**

RE:   All Seasons Services Inc v Smith

TO:   Robert P Joy, Esquire
Morgan Brown & Joy LLP
1 Boston Place
Suite 1616
Boston, MA 02108-4472

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **07/19/2005** the following entry was made on the above referenced docket:

**Notice of REMOVAL to US District Court of Massachusetts(rec'd7/18/05)**
Dated at Dedham, Massachusetts this 19th day of July, 2005.

Walter F. Timilty,
Clerk of the Courts

BY:
Assistant Clerk

Telephone:

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

cvdgeneric_2.wpd 591156 removus lenckipa

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

## NOCV2005-00849
### All Seasons Services Inc v Smith

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/12/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 07/19/2005 | **Session** | D - Non Jury-CtRm 8 | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/10/2005 | **Answer** | 10/09/2005 | **Rule12/19/20** | 10/09/2005 |
| **Rule 15** | 08/05/2006 | **Discovery** | 07/01/2007 | **Rule 56** | 08/30/2007 |
| **Final PTC** | 12/28/2007 | **Disposition** | 05/11/2008 | **Jury Trial** | No |

**Plaintiff**
All Seasons Services Inc
Active 05/12/2005

**Private Counsel 632690**
Josiah M Black
Bello Black, LLP
535 Boylston Street
Suite 1102
Boston, MA 02116
Phone: 617-247-4100
Fax: 617-247-4125
Active 05/12/2005 Notify

**Defendant**
Darrin Smith
Service pending 05/12/2005

**Private Counsel 254820**
Robert P Joy
Morgan Brown & Joy LLP
1 Boston Place
Suite 1616
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 07/19/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 05/12/2005 | 1.0 | Complaint filed $280.00 entry fee paid |
| 05/12/2005 | | Origin 1, Type D13, Track A. |
| 05/12/2005 | 2.0 | Civil action cover sheet filed |
| 05/12/2005 | 3.0 | plffs motion for special process server-motion allowed(Fabricant,J.) |
| 05/12/2005 | | average track notice sent to plffs attorney |
| 05/17/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 07/19/2005 | 4.0 | Notice of REMOVAL to US District Court of Massachusetts(rec'd7/18/05) |

A TRUE COPY
Att: *Mary E Kenney*
Deputy Assistant Clerk
7/19/05

COMMONWEALTH OF MASSACHUSETTS

Norfolk, s.s.                                        SUPERIOR COURT

|  |  |
|---|---|
| ALL SEASONS SERVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> DARRIN SMITH, <br>     Defendant. | ) <br> ) <br> ) <br> )    Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### Introduction

1.     By this Complaint, Plaintiff, All Seasons Services Inc. ("ASSI" or the "Company") seeks damages and other relief against Defendant Darrin Smith ("Smith"), its former employee, for Smith's violation of the six-month, one hundred-mile non-competition covenant in his Non-Disclosure and Non-Competition Agreement with ASSI, dated February 10, 2000 (hereafter, the "Non-Disclosure and Non-Competition Agreement"; a true and accurate copy is attached as Exhibit A).

As fully set forth below, Smith recently resigned from his employment as a Territory Manager with ASSI, and shortly thereafter commenced employment with American Food & Vending Corp. ("American"), which is a direct competitor with ASSI in the food vending industry. Smith, by the admission of his new employer American, is servicing routes that are directly adjacent and contiguous to the sales routes that he supported in New York during his employment as an ASSI Branch Manager, Depot Manager, and Territory Manager. By his conduct, Smith has flagrantly violated the six-month non-competition covenant in the Non-Disclosure and Non-Competition Agreement and has rebuffed ASSI's repeated attempts to secure his voluntary compliance without resorting to litigation.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff ASSI is a corporation organized under the laws of Delaware and registered to do business in the Commonwealth of Massachusetts. ASSI has a principal place of business at 5 Campanelli Circle, Suite 200, Canton, MA 02021.

3.  Defendant Darrin Smith is an individual residing at in North Bay, New York, with a mailing address of P.O. Box 91, North Bay, NY 13123. During his employment as a Branch/Depot/Territory Manager, he had frequent contacts with the Commonwealth of Massachusetts and Norfolk County, including entering into the Non-Disclosure and Non-Competition Agreement with the Company, which was drafted and counter-signed by the Company in Massachusetts. In addition, Smith interacted with ASSI's management team, which was until recently based in Brockton, Massachusetts.

4.  This Court has jurisdiction over this matter and has personal jurisdiction over the Defendant, as Smith explicitly assented to the personal jurisdiction of the Massachusetts Courts in the Non-Disclosure and Non-Competition Agreement, which provides that it "shall be governed by and construed in accordance with the law of the Commonwealth of Massachusetts" and that "Any action, suit or other legal proceeding which is commenced to resolve any matter arising under or relating to any provision of this Agreement shall be commenced only in a court of the Commonwealth of Massachusetts...." Exhibit A, ¶ 11.

5.  Venue in this Court is proper because ASSI has its principal place of business in Canton, Norfolk County, Massachusetts.

## FACTUAL BACKGROUND

6. Mr. Smith commenced employment with ASSI as a route driver in 1989. In subsequent years, he was promoted to route jumper and then office coffee service manager. In 1996, he was promoted to Depot Manager in Watertown, NY.

7. For the past several years, Mr. Smith worked as a Branch/Depot Manager, in which capacity he was responsible for overseeing ASSI's Potsdam, Watertown, Camden, and Albany Depots as the Territory Manager, which included directing and supervising a number of route salesmen and interacting with key ASSI clients to resolve problems and ensure customer satisfaction as well as frequent trips to meet with ASSI management at the ASSI District office in Canastota, New York.

**Good Will and Confidential Information**

8. Mr. Smith had extensive contact with ASSI's customers, and he was given access to ASSI's confidential information, including pricing, detailed information on its customers and its marketing efforts and plans (hereafter, the "Confidential Information").

9. To protect its Confidential Information, its competitive edge and its investment in the creation of its goodwill with customers, ASSI takes measures to safeguard its Confidential Information and proprietary documents. More specifically, it requires certain of its employees, as part of their offer of employment, to review and sign an employment agreement containing covenants of confidentiality, non-disclosure, non-solicitation, and non-competition. In addition to the foregoing, ASSI takes other steps to protect its Confidential Information and customer goodwill, including: (i) restricting access to confidential information; and (ii) protecting with passwords and restricting access to the Company's computer network.

**Smith's Non-Disclosure and Non-Competition Agreement**

10. In exchange for a grant of ASSI stock options and other consideration, Mr. Smith executed a Non-Disclosure and Non-Competition Agreement ("NDA") with ASSI, dated February 10, 2000. (Exhibit A) The Non-Disclosure and Non-Competition Agreement contains various obligations, including covenants of confidentiality, non-disclosure, and non-competition.

11. Specifically, Mr. Smith agreed as follows:

> During the period of my employment by the Company and for a period of six (6) months after any termination of my employment with the Company for any reason, I will not, directly or indirectly, alone or as an employee, partner, officer, director, consultant, agent, independent contractor or stockholder of any company or business organization which is located within 100 miles of any place of business of the Company, engage or participate in any business or activity which is directly or indirectly in competition with the products or services being marketed or sold by the Company, provided, however, that the record or beneficial ownership by me of 3% or less of the outstanding publicly traded capital stock of any such company shall not be deemed to be in violation of this Section 1.

(NDA Exh. A, ¶ 1). The Non-Disclosure and Non-Competition Agreement also contains a covenant not to solicit ASSI customers or employees for a period of *one year* following the termination of employment, and it contains a confidentiality and non-disclosure covenant. Id., ¶¶ 2-4.

**Smith Resigns**

12. On March 13 2005, Mr. Smith announced by e-mail to Tom Mitchell, Jeff Curtis, Sandy Niles, Bob Holdrege, and Mark Bruno that he was resigning from his employment with ASSI, effective March 25, 2005. On March 14, 2005, Mr. Smith told his supervisor that after the two week notice period he planned to commence immediate employment with ASSI's direct competitor American. He was advised at that time that ASSI would consider employment with American to be a breach of the non-competition covenant in the Employment Agreement, and

4

based on Mr. Smith's intent to work for a competitor, ASSI management decided to terminate Mr. Smith's employment effective March 14, 2005.

### Smith Breaches His Covenants

13. Upon information and belief, Mr. Smith commenced employment with American immediately following his departure from ASSI.

14. ASSI made various attempts to dissuade Smith from violating his covenants to ASSI, including by having its undersigned counsel send letters to both Smith and American advising them of its position and requesting various written assurances in the hopes of avoiding litigation.

15. In response, neither Smith nor American agreed to limit Smith's employment in any regard. To the contrary, American informed ASSI that it intended to continue employing Smith in a capacity where he would be supporting sales routes in New York that are immediately adjacent to the very sales routes that Smith supported during his employment as an ASSI Branch Manager. Mr. Smith did not respond at all to any of ASSI's communications on this matter. Moreover, on information and belief, Smith has made statements that he fully intends to "go after" ASSI's customers after six months of employment, even though his NDA prohibits solicitation of customers for a one-year period.

### COUNT I - BREACH OF CONTRACT

16. ASSI repeats and incorporates by reference the allegations contained in Paragraphs 1 - 16 of this Complaint.

17. ASSI has performed all of its obligations to Smith in connection with the Non-Disclosure and Non-Competition Agreement.

18. By engaging in the conduct described above, including, without limitation, commencing employment with an ASSI competitor within six months of his resignation from ASSI and within 100 miles of the branch location at which he worked during his ASSI employment, Smith has breached his contractual obligations under the Non-Disclosure and Non-Competition Agreement.

19. As a result of Smith's breach, ASSI has and continues to suffer damages.

## COUNT II
### (Misappropriation of ASSI's Confidential Information and Trade Secrets)

20. ASSI repeats and re-alleges the allegations in paragraphs 1 through 19 of this Complaint.

21. By engaging in the conduct described above, including by relying on his knowledge of the identity, preferences and revenue history of ASSI's customers, Smith has violated his common law obligations owed to ASSI.

22. Smith conduct is willful, intentional, non-privileged, oppressive, fraudulent and malicious, and has caused and is causing monetary damages to ASSI.

### PRAYER FOR RELIEF

WHEREFORE, ASSI respectfully requests that this Court:

(1) Award ASSI compensatory damages;

(2) Issue an injunction prohibiting Smith from:

    (a) Working for American or any other competitor for a period of six months following the entry of the Order;

    (b) Engaging, directly or indirectly, in the provision or sale of any food vending products or services for a period of six months following the entry of the Order;

(c) Contacting or communicating with any ASSI customer for a period of one year following the entry of the Order;

(d) For a period of one year following the entry of the Order, soliciting any ASSI employee or seeking to induce such an employee to terminate his or her relationship with ASSI; and

(e) Using or disclosing to anyone ASSI's confidential information, including but not limited to the identity, preferences, and revenue history of its customers.

(3)   Order such other relief as is fair and just.

Respectfully submitted,

ALL SEASONS SERVICES, INC.,

By its attorneys,

_/s/ JM Black_
Kenneth M. Bello, BBO# 036630
Josiah M. Black, # 632690
Bello Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, Massachusetts 02116
(617) 247-4100

DATED: May 15, 2005

BB Doc 03009845

A TRUE C...
Attest: Mary E. Kenney
7/19/05

7