```
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2005 SEP 29 P 2:59
U.S. DISTRICT COURT
DISTRICT OF MASS.

ALL SEASONS SERVICES, INC.,

    Plaintiff,

v.

DARRIN SMITH

    Defendant.

Civil Action
No. 05-11498-RCL

### RULE 16.1(D) JOINT STATEMENT

Counsel for both Plaintiff All Seasons Services, Inc. ("Plaintiff" or "ASSI") and Defendant Darrin Smith ("Defendant" or "Mr. Smith") conferred as required by D. Mass. R. 16.1(B), and now submit this Joint Statement in accordance with D. Mass. R. 16.1(D).

**I. SCHEDULING CONFERENCE AGENDA**

    A.    The parties and their claims.

    B.    The parties' proposed discovery and motion schedule.

    C.    Plaintiff's demand and the prospects for settlement.

**II. THE PARTIES AND THEIR CLAIMS**

*Plaintiff's Statement*

ASSI is engaged in the business of coffee and vending and cafeteria-management services. Mr. Smith formerly worked for ASSI as a Territory Manager, based in its Watertown, NY location. In March 2005, Mr. Smith announced that he was resigning from ASSI and going to work for "another company," whose identity he did not specify. ASSI later learned that Mr. Smith was going to work for American Food & Vending, one

of ASSI's direct competitors, in a region that overlaps with the region that Mr. Smith served while working for ASSI.

ASSI brings this action seeking enforcement of the 6-month non-competition covenant and the one-year non-solicitation covenant in the Non-Disclosure and Non-Competition Agreement ("the NDA") between Mr. Smith and ASSI. The NDA expressly prohibits Mr. Smith from becoming employed with "any company or business organization which is located within 100 miles of any place of business of the Company" for a period of six months. The NDA further prohibits Mr. Smith, for one year, from "soliciting" any of the "Company's employees, customers, suppliers, consultants or advisors to terminate or otherwise modify their relationship" with ASSI.

In written correspondence preceding the filing of the Complaint in this matter, American Food & Vending admitted that Mr. Smith is employed as a manager within the specified 100-mile radius from his former ASSI territory. ASSI is equally concerned that Mr. Smith has violated or will violate the non-solicitation and non-disclosure obligations in the NDA. Because Mr. Smith was employed as a Territory Manager at ASSI, he possesses highly confidential and proprietary information of ASSI, which ASSI believes he either has used or inevitably will use in the course of employment with American Food & Vending. More particularly, as a manager for ASSI, Mr. Smith had access and used on a regular basis confidential information, including (among other items) client specific information (names, specific contacts), customer contract information, pricing (including margin and profit) information, compensation and commission structures, employee personnel information. This information would be highly valuable to a competitor such as American Food & Vending, and absent enforcement of his covenant

of non-competition, there is no way for ASSI to have assurance that such information would not be disclosed and used, either overtly or even inadvertently.

**Defendant's Statement**

Darrin Smith was last employed by ASSI as first-level supervisor in Watertown, NY earning less than $50,000 annually. In March 2005, Mr. Smith resigned his employment with ASSI and took a new job with American Food & Vending in Syracuse, NY (which is over 70 miles from Syracuse). Mr. Smith has no sales responsibility in his current position; *i.e.,* he is a first-level supervisor of vending route drivers and his salary remains under $50,000. Significantly, American Food & Vending does not do business in the area of Northern New York that Mr. Smith previously supervised for ASSI

Several points merit brief attention: (1) Mr. Smith did not retain any documents from his prior employment with ASSI and returned all of ASSI's documents as well as his laptop computer on his last day of work at ASSI; (2) the routes that Mr. Smith presently supervises are in Central New York and he works out of American Food & Vending's Syracuse facility and, thus, none of these routes are contiguous with any route that he formerly supervised in Northern New York while working out of ASSI's Watertown location; and (3) Mr. Smith has not solicited any business for American Food & Vending from any customer that he had previous contact with while at ASSI.

With respect to ASSI's allegations, Mr. Smith's position is two-fold: (1) the 100-mile restriction in the NDA is clearly overbroad given the circumstances of his former and present employments and, thus, it is unenforceable as a matter of law; and (2) even assuming the remaining provisions of the NDA are valid and enforceable (which Mr.

3

Smith disputes), there has been no solicitation of any former ASSI customers by Mr. Smith.

### III. JOINT DISCOVERY PLAN AND SCHEDULE FOR THE FILING OF MOTIONS

The parties have conferred and agree to the following joint discovery plan:

1. The parties propose that initial disclosure pursuant to Fed. R. Civ. P. 26(a) shall be exchanged within thirty (30) days following the Scheduling Conference of October 5, 2005 in this matter. Pursuant to the initial disclosure requirements, the parties will either identify by category and location or provide each other with copies of all non-privileged documents in their possession, custody and control that they may use to support their claims or defenses (unless solely for impeachment). The parties also will identify all persons likely to have discoverable information that the parties may use to support their claims or defenses (unless solely for impeachment), identifying the subjects of the information. Where necessary, the disclosure will take place subject to mutually agreeable confidentiality agreements. All parties agree that the production or disclosure of any documents will not constitute, in itself, an admission as to authenticity, admissibility or relevance.

2. In accord with the provisions of D. Mass. R. 26.1(C), the number of discovery events shall be limited for each side to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and (2) separate sets of requests for production.

3. The parties agree that they will complete all discovery within ten (10) months following the Scheduling Conference in this matter.

4. With respect to expert witnesses, the provisions of D. Mass. R. 26.4 shall be followed in all respects.

5. The parties agree that they will complete service of all dispositive motions no later than two (2) months after the completion of discovery. When any such motion is filed by any party, any other party may file an opposition to the motion within twenty-one (21) days of the docketing of the original motion. The moving party may file, without further leave, a reply to such opposition within seven (7) days of the docketing of the opposition. No other submissions pertaining to the motion may be filed without leave of court obtained in advance. The Federal Rules of Civil Procedure and Local Rule 7.1 shall be followed in all other respects.

6. A final pretrial conference pursuant to Fed. R. Civ. P. 16(d) and D. Mass. R. 16.5 will be held after the Court's ruling on any dispositive motions on such date as the Court may order.

7. The parties agree there is no need for phased discovery in this matter.

## IV.    TRIAL BY MAGISTRATE JUDGE

The parties prefer that this matter not be referred for trial to a Magistrate Judge.

## V.    CERTIFICATION

Counsel for both the Plaintiff and the Defendant, by signing below, certify that they have complied with the requirements of Local Rule 16.1(D)(3).

## VI.    PROSPECTS FOR SETTLEMENT

Before the filing of the Complaint in this matter, ASSI made a written offer of settlement to Mr. Smith and American Food & Vending, which was rejected. Since the removal of this action to the United States District Court for the District of

Massachusetts, moreover, the parties – through their counsel – have discussed the possibility of settlement.

VII. **ALTERNATIVE DISPUTE RESOLUTION**

Although the parties have considered it, no agreement has been made at this time for alternative dispute resolution.

| ALL SEASONS SERVICES, INC., | DARRIN SMITH, |
|---|---|
| By Its attorney, | By His attorney, |
| _____ | _____ /JMB |
| Josiah M. Black, BBO # 632690 | Patrick V. Melfi, *Pro Hac Vice* |
| Bello Black & Welsh LLP | Bond, Schoenck & King, PLLC |
| 535 Boylston Street, Suite 1102 | One Lincoln Center |
| Boston, MA 02116 | Syracuse, NY 13202-1355 |
| (617) 247-4123 | (315) 218-8632 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 9/29/05

_____

6